## GEORGE R. JANEWAY v. JOSEPH SKERRITT.

1. When, upon the trial day, the defendant moves to nonsuit the plaintiff because the costs of two former suits for the same cause of action have not been paid, and the defendant offers to pay the costs forthwith, and the defendant is not prepared with his bills of costs or to show the amount of costs due, he is not entitled to a judgment of nonsuit.

2. The statement of counsel in a justice's court, made several months after the trial, and when he had ceased to represent his client, cannot bind the client.

On *certiorari* to a justice of the peace of the county of Hudson.

For the plaintiff, *C. H. Winfield.*

For the defendant, ——— ———.

The opinion of the court was delivered by

BROWN, J. This case was submitted on written briefs. It appears that, upon the day to which the trial of this cause was adjourned, the defendant below moved to nonsuit the plaintiff, upon the ground that the costs of two former suits for the same cause of action had not been paid. The justice refused to nonsuit for this cause. In answer to a rule of this court, the justice certifies that the defendant moved for a nonsuit, and not for a stay of proceedings; that there was no certified copy of costs of former suit presented in court, and that the counsel for the plaintiff below sent out for gold in exchange for bills, held it in his hands, and asked counsel for the defendant below to produce his bill of costs, and that he was ready to pay it : and further, that there was no demand for any certain amount made by counsel of defendant below. If the matters stated in this certificate are true, the defendant was not entitled to judgment of nonsuit. If Skerritt was ready to pay the costs due Janeway, when notified of the amount, and payment demanded, no more could be

required of him. If Janeway, or his counsel, on being informed that Skerritt was ready to pay, did not inform him what amount he required, the fault lay with him, Janeway. But the plaintiff here insists that the statements of the justice are not true, and he relies upon a letter from Mr. Jelliffe, the counsel of Skerritt in the court below, to prove it. This letter is dated March 12th, 1862, several months after the *certiorari* was returned, and after Mr. Jelliffe ceased to represent Skerritt in this case. Mr. Jelliffe could not then bind his former client by any statement or admission. The letter can only be considered as the declaration of an agent after his agency has ceased. It is not legal evidence. The plaintiff here must therefore fail, because the reason assigned for the reversal of the judgment is not sustained in fact.

Judgment affirmed.